| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

**08 C 317**

(Name all parties)

David Sima

v.

Board of Education of Township High School Dist. 214

No. 7CH34802

**JUDGE HART**
**MAGISTRATE JUDGE COLE**

## SUMMONS

To each Defendant: Ms. Lenore Gonzalez Bragaw, President, Dist. 214, 2121 S. Goebbert Rd., Arlington Heights, IL 60005

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑  Richard J. Daley Center, 50 W. Washington, Room **801**          , Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34048

Name: Jerome F. Marconi

Atty. for: Plaintiff

Address: 555 W. Jackson Blvd. Suite 700

City/State/Zip: Chicago, IL 60661

Telephone: 312-930-5645

Service by Facsimile Transmission will be accepted at: _____

WITNESS, NOV 2 8 2007

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 - Served            2121 - Served
2220 - Not Served        2221 - Not Served
2320 - Served By Mail    2321 - Served By Mail
2420 - Served By Publication    2421 - Served By Publication
**SUMMONS**            **ALIAS - SUMMONS**        CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

David Sima
_____

v.

Board of Education of Township High School Dist. 214
_____

**07CH34802**

No. _____

### SUMMONS

To each Defendant: Ms. Lenore Gonzalez Bragaw, President, Dist. 214, 2121 S. Goebbert Rd, Arlington Heights, IL 60005

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _801_____, Chicago, Illinois 60602

❑ District 2 - Skokie       ❑ District 3 - Rolling Meadows    ❑ District 4 - Maywood
5600 Old Orchard Rd.        2121 Euclid                      1500 Maybrook Ave.
Skokie, IL  60077           Rolling Meadows, IL  60008       Maywood, IL  60153

❑ District 5 - Bridgeview   ❑ District 6 - Markham           ❑ Child Support
10220 S. 76th Ave.          16501 S. Kedzie Pkwy.            28 North Clark St., Room 200
Bridgeview, IL  60455       Markham, IL  60426               Chicago, Illinois  60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34048
Name: Jerome F. Marconi
Atty. for: Plaintiff
Address: 555 W. Jackson Blvd. Suite 700
City/State/Zip: Chicago, IL 60661
Telephone: 312-930-5645

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ NOV 2 8 2007 _____, _____

DC

_____
**Clerk of Court**

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

DAVE SIMA                                    )
                                             )
                        Plaintiff,           )
                                             )
          v.                      CLERK      )          NO.
                                             )
BOARD OF EDUCATION OF TOWNSHIP               )
HIGH SCHOOL DISTRICT 214, a body politic.    )          07CH34802
                                             )
                        Defendant.           )

## COMPLAINT AT LAW

Now Comes the Plaintiff, DAVE SIMA, by and through his attorneys, Law Offices of

Jerome F. Marconi, and complaining of the Defendant, BOARD OF EDUCATION OF

TOWNSHIP HIGH SCHOOL DISTRICT 214, a body politic; states as follows:

## PARTIES

1.      Plaintiff, DAVE SIMA ("Sima"), is a citizen of the United States and is a

resident of Cook County, Illinois.

2.      Defendant, BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL

DISTRICT 214 ("District 214"), is a government and body politic organized under the laws of

the State of Illinois.

3.      At all relevant times, Sima was an employee of the District 214 who served in

the capacity as a Technology Systems Supervisor.

## FACTS

4.      On or about May 1, 2000 District 214 hired Sima as a Supervisor at John Hershey

High School.  District 214 entered into a written contract ("Contract") with Sima on May 1, 2001

to perform the duties of Supervisor.  (Contract attached as Exhibit "A")

5.      The aforementioned Contract was renewed on an annual basis. Each year the District 214 notified Sima of its intention to employ him and provided him with the amount of his annual salary.

6.      Sima's job performance was evaluated annually. District 214 always rated Sima's performance as above average.

7.      The Contract under which Sima was employed contained a "Non-Renewal" clause. According to the Non-Renewal clause, either the Board or the Supervisor could terminate the Contract by giving notice to the other party by April 1 of the year the Contract terminates.

8.      The Contract also specified other scenarios in which the employment contract could be terminated. Pursuant to Section 3.C. of the Contract, the employee could be discharged for cause. The Contract affords the employee the right to notice and a pre-termination hearing. According to the Contract, the Notice of Discharge shall be in writing and set forth specific reasons for the discharge.

9.      The Contract also mandates that the District shall provide a written decision describing the results of the hearing. The District did not provide Sima a written decision describing the results of the hearing.

Order to undergo psychological/medical testing

10.      On or about May 14, 2007 the Associate Superintendent for Human Resources, Randy Hawley, notified Sima that he received a complaint from the co-worker that Sima made physical contact with the co-worker. Hawley advised Sima that he would investigate the complaint.

2

11.    Hawley spoke to witnesses who were present during the alleged physical contact. The witnesses informed Hawley that they did not witness Sima making any physical contact with the co-worker. In addition, Sima denied making any physical contact with the co-worker.

12.    After the investigation, Hawley told Sima that the allegations against him were unfounded. Hawley further testified at Sima's termination hearing that the allegation against Sima was unfounded.

13.    On or about May 18, 2007, after concluding that the complaint against Sima was unfounded, Hawley ordered Sima to submit to psychological testing which included undergoing a medical test commonly referred to as the MMPI-2.

14.    After being ordered to undergo psychological testing, Sima asked Hawley if District 214 had a written policy governing medical and/or psychological testing. Hawley advised Sima that he was unaware of any District 214 policy but told Sima that he must submit to the psychological testing.

15.    On the following Monday, May 21, 2007, Sima appeared at the testing facility located in Wheaton, Illinois. Sima expressed his concerns about the invasion of his privacy and requested a couple hours to seek the advice of an attorney before submitting to the psychological/medical testing.

16.    Sima contacted Hawley the morning of May 21, 2007 to inform Hawley that he was going to seek the advice of an attorney before submitting to the psychological/medical testing. Sima again asked Hawley about the District's policy on psychological testing.

17.    Later in the day on May 21, 2007, Sima e-mailed Hawley informing Hawley that he spoke to an attorney who advised Sima that if the District had a policy on requiring employees

to submit to medical and/or psychological testing, the District must follow that policy in sending

Sima for medical testing. Sima expressed his concern to Hawley that Sima did not want to be

insubordinate in refusing testing.

18.    Pursuant to Hawley's request, Sima submitted to psychological/medical testing on

May 25, 2007.

19.    Shortly after Sima submitted to the psychological testing, which included the

MMPI-2 and other psychological testing, District 214 obtained a report from Compass Employee

Assistance Program. The social history section in the report contained numerous factual errors.

Further, the report stated, "The HPI indicates an individual who is very well-adjusted and

motivated for success...The clinical scales of the MMPI indicate a similar personality pattern as

the HPI, as well as a high level of adjustment." However, the report concluded that the test

results were invalid due to various reasons such as "...fatigue, confusion, disordered thinking or

one of several kinds of attempts to manipulate the outcome."

Purported Hearing

20.    On June 28, 2007 the District held a meeting to conduct a hearing on the

Administration's request to discharge Sima. The District provided Sima with notice of the

meeting but did not provide Sima with a notice of discharge which set forth specific reasons, in

writing, as required by the Contract.

21.    When Sima appeared for his hearing, District 214 presented Sima with a packet of

materials entitled, "Dave Sima Dismissal Hearing - Administrative Recommendations." The

materials did not contain specific charges but only contained a prior letter of reprimand and

documents pertaining to an incident which occurred January 31, 2007; an e-mail complaint from

4

a co-worker which had been investigated and found to be "unsubstantiated"; the report from Compass Employee Assistance Program; Board Policy 7.1.17; and a Resolution Authorizing Termination and the Administrative Recommendation.

22.    District 214 presented its entire case through one witness, Mr. Randy Hawley. Mr. Hawley was not present for any of alleged misconduct and testified that the second allegation pertaining to a co-worker was unfounded.  Although Mr. Hawley was neither a psychiatrist, psychologist or social worker, he was allowed to present his own personal opinion about the reliability of the MMPI-2 testing.

23.    The remainder of Mr. Hawley's testimony consisted solely of hearsay and the introduction of reports which he did not draft nor have first hand knowledge.

24.    During the hearing, Sima and his counsel were allowed to address the Board. Sima informed the Board that a material witness, the principal of Hershey High School, was out of the country.  Sima informed the Board that the principal would provide testimony which would impeach the Administration's prosecuting witness, Mr. Randy Hawley.  Specifically, Sima made an offer of proof that the principal of Sima's school would testify that Randy Hawley told her that he would not have complied with the District's request to submit to psychological testing.  Hawley denied making this statement during his testimony.

25.    Sima also advised the Board that he had just been given a packet of materials when he appeared at the hearing and still did not know the specific reasons the Administration was basing its request to discharge Sima.

26.    Sima did not understand the specific reasons why District 214 was seeking his discharge since he had already received a letter of reprimand for the first allegation contained in

5

the packet, the second allegation was unfounded, he complied with the request to undergo

psychological testing under threat of termination and the psychological testing was inconclusive.

27.    After deliberating in closed session, the District voted to discharge Sima from

District 214. No specific reasons were given for Sima's discharge nor were there findings of fact

ever issued to Sima.

## COUNT I - BREACH OF CONTRACT

28.    Plaintiff realleges paragraphs 1-27 of this Complaint as paragraphs 1-27 of Count

I as though fully set forth herein.

29.    District 214, through its established policy contained in the written Contract,

conveyed a clear promise to Sima that he would be retained as a Supervisor unless the

employment contract was terminated or District 214 discharged Sima for cause.

30.    District 214 chose to terminate Sima's employment pursuant to sections 3.C.-

Discharge for Cause. Accordingly, the District scheduled a meeting for Sima to appear before

the Board in closed session to be afforded a hearing.

31.    The Contract prepared by District 214 defines "cause." Specifically, "Cause is a

substantial shortcoming in the performance or conduct of the Supervisor or a material breach of

this Agreement. Further, the notice of discharge for cause shall set forth specific reasons and

shall be given in writing."

32.    The District never provided Sima with a "notice of discharge" as mandated by the

Contract.

33.    The District never provided Sima with a "written decision describing the results of

the meeting" as mandated by the Contract.

6

34.    Sima did not engage in conduct which could be considered "cause" as defined by the Contract. Further, Sima did not materially breach the terms of the Contract.

35.    The District breached the terms of the Contract by failing to provide Sima with the safeguards contained in the Contract and terminated Sima's employment without having "cause" to do so.

36.    As a result of the District 214's breach of the employment contract, Sima suffered damages which include loss of wages, loss of benefit days, and continues to suffer economic loss as a result of reduced retirement pension benefits.

WHEREFORE, Plaintiff, DAVID SIMA, prays for judgment in his favor and against Defendant BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 214 in an amount in excess of $50,000.00

## COUNT II
## PETITION FOR WRIT OF CERTIORARI

37.    Sima realleges paragraphs 1-36 of this Complaint as paragraphs 1-36 of Count II as though fully set forth herein.

38.    Sima represents that the law provides for no appeal or review of District 214's decision to discharge Sima except by order of this court to allow a summons to be issued directing that District 214 to certify and bring the record of the proceedings before this court for review by Writ of Certiorari.

39.    Sima requests this Honorable Court review the proceedings and findings of District 214 and reverse the District's decision to terminate the employment of Sima.

WHEREFORE, Plaintiff, DAVID SIMA, prays for judgment in his favor and against

Defendant BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 214 and

requests that this Honorable Court reinstate Sima into his position of Supervisor with an Order

that the District reimburse Sima for all back pay, benefits, sick and compensatory time, seniority

and any and all equitable relief this Court deems just and necessary.

<u>COUNT III</u>
<u>SECTION 1983-VIOLATION OF PROCEDURAL DUE PROCESS</u>

40.     Sima realleges paragraphs 1-39 of this Complaint as paragraphs 1-39 of Count

III as though fully set forth herein.

41.     Sima had a property interest in his job as Supervisor with District 214.

42.     District 214 did not provide Sima with any post-termination procedures to contest

his termination of employment from District 214.

43.     District 214 only provided a pre-termination meeting to allow Sima to appear

before the Board of Education.

44.     The meeting provided to Sima did not comport with the due process protections

required under the Due Process Clause of the United States Constitution.  Specifically, District

214's procedures were inadequate for the following reasons:

    a.      District 214 did not provided Sima with notice of charges at a meaningful time to
            allow Sima to prepare a defense; and

    b.      The charges presented to Sima during the course of the meeting failed to
            sufficiently apprise Sima of the specific allegations it was relying upon to
            discharge Sima: and

    c.      District 214 refused to allow Sima to present material and competent evidence to
            impeach the District's only witness by refusing to accept testimony from Sima's
            principal who was out of the country at the time of the hearing; and

    d.      Failed to provide Sima specific reasons why District 214 terminated his

8

employment; and

e.    Failed to allow Sima to confront and cross-examine his accusers; and

f.    Presented the Board of Education with hearsay evidence which had already been adjudicated by the issuance of a letter of reprimand; and

g.    Presented the results of medical testing to the Board of Education without allowing Sima to cross-examine the person who arrived at the medical and non-medical opinions; and

h.    Presented unreliable medical evidence for which there was no foundation and contained material mistakes identified by Sima during the meeting; and

i.    Presenting hearsay evidence to the Board of Education regarding allegations which had been unfounded after an investigation by the witness for District 214;

45.    As a result of the aforementioned deprivations of Sima's due process rights, Sima has been unable to find employment as a result of District 214's actions.

WHEREFORE, Sima prays for the following relief:

a.    Reinstate to his former position with back pay, benefits, interest and seniority;

b.    An amount to compensate Sima for damages for emotional distress, humiliation and embarrassment; and

c.    Enter an order awarding plaintiff reasonable attorney fees and costs pursuant to 42 U.S.C. §1988 for the prosecution of this claim; and

d.    Award plaintiff any other actual damages he has suffered as a result of District 214's illegal actions; and

e.    Any and all other relief that this Court deems just and equitable.

## COUNT IV
## SECTION 1983-VIOLATION OF SUBSTANTIVE DUE PROCESS

46.     Sima realleges paragraphs 1-45 of this Complaint as paragraphs 1-45 of Count IV as though fully set forth herein.

47.     Sima has a liberty interest in not being defamed and prevented from obtaining other government employment.

48.     Sima's career has been in public education. Sima had worked for District 214 for approximately seven (7) years before being terminated.

49.     District 214 used an inconclusive medical test as a basis for Sima's discharge from employment. District 214 recklessly and maliciously presented a medical report to the Board of Education without conferring with the person(s) who administered the testing.

50.     Further, District 214 presented hearsay evidence to the Board of Education which District 214 knew was unfounded and accused Sima of committing a battery.

51.     The presentation of the false and misleading factual and medical evidence stigmatized Sima.

52.     The information contained in the medical report was published to the Board of Education and documents circulated to school staff.

53.     Sima has been unable to secure other employment as a result of the false charges brought against him by District 214.

WHEREFORE, Sima prays for the following relief:

a.     Reinstate to his former position with back pay, benefits, interest and seniority;

10

b.    An amount to compensate Sima for damages for emotional distress,

humiliation and embarrassment; and

c.    Enter an order awarding plaintiff reasonable attorney fees and costs

pursuant to 42 U.S.C. §1988 for the prosecution of this claim; and

d.    Award plaintiff any other actual damages he has suffered as a result of

District 214's illegal actions; and

e.    Any and all other relief that this Court deems just and equitable.

Respectfully submitted,

Jerome F. Marconi
Attorney for Plaintiff

Jerome F. Marconi
Law Offices of Jerome F. Marconi
555 W. Jackson Suite 700
Chicago, Illinois 60661
(312) 930-5645
Atty. No. 34048

11

## AFFIDAVIT OF DAMAGES

The Affiant, Jerome F. Marconi, being first duly sworn on oath, deposes and states:

i.      I am the attorney for the plaintiffs, DAVID SIMA, in the above cause of action.

ii.     The money damages sought in this cause of action exceed $50,000.00

FURTHER AFFIANT SAYETH NOT.

_____
Jerome F. Marconi

Jerome F. Marconi
Law Offices of Jerome F. Marconi
555 W. Jackson, Suite 700
Chicago, IL 60661
(312) 930-5645
Atty. No. 34048