UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Sima, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 317 |
| ) | |
| v. ) | Judge William Hart |
| ) | |
| Board of Education of Township High ) | |
| School District 214, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendant Board of Education of Township High School District 214 (the "District") submits this memorandum in further support of its motion to dismiss Count III of Plaintiff David Sima's ("Sima") Complaint alleging a violation of his procedural due process rights.

**ISSUE PRESENTED**

This case involves a terminated employee's claim that the District failed to provide him with sufficient due procedural process at his pre-termination hearing. Under the District's employment contract with Sima, Sima was entitled to a hearing prior to termination. Pursuant to the contract, the Board provided Sima with notice and an opportunity to respond at a hearing before the Board. Plaintiff complains that the members of the Board—all lay people—did not strictly adhere to the Federal Rules of Evidence regarding the admission of hearsay and Plaintiff's right to cross-examine witnesses during the hearing. Accordingly, Count III presents the Court with the following issue:

> Was the process afforded to Sima in the District's pre-termination hearing procedurally sufficient under Sima's employment contract?

## **RELEVANT FACTS**

On May 1, 2001, the School District entered into an employment contract (the "Contract") with Sima. (*Comp.*, Exh. A). The Contract gave Sima the right to have a hearing before the Board before being terminated for cause:

> During the term of this contract, the Supervisor may be discharged for cause … Notice of discharge for cause shall set forth specific reasons and shall be given in writing. ***The Supervisor shall be entitled to appear before the Board in closed session to be afforded a hearing.*** If the supervisor chooses to be accompanied by legal counsel at such meeting, he/she shall bear any costs therein involved. The Supervisor shall be provided a written decision describing the results of the meeting. (*Comp*. Exh. A) (emphasis supplied).

The District gave Sima the required notice that his pre-termination hearing would take place before the Board on June 28, 2007. (*Comp*. ¶20). Sima and his attorney attended the pre-termination hearing and addressed the Board in a closed session regarding the administration's recommendation to terminate Sima's employment. (*Comp*. ¶24). After deliberating in closed session, the Board terminated Sima's contract of employment with the District. (*Comp*. ¶27).

On November 28, 2007, Sima filed a four-count Complaint against the School District, alleging in Count III that the June 28, 2007 pre-termination hearing did not give him sufficient procedural due process under the United States Constitution. (*Comp*. ¶44.). Sima alleges that the process of his pre-termination hearing was deficient because:

- Sima could not cross-examine two witnesses who were not present at the hearing;
- The administration did not lay a proper foundation for certain evidence; and
- The administration presented hearsay evidence to the Board. (*Id.*)

None of these reasons amount to a violation of Sima's due process rights, and Count III must be dismissed as a matter of law.

**ARGUMENT**

I. **The 12(b)(6) Standard of Review**

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on such a motion, the Court accepts as true all well-pled allegations, but is not constrained by the legal characterizations placed upon those allegations by the plaintiff. Wroblewski v. City of Washburn, 965 F.2d 452, 453 (7th Cir. 1992). To survive a motion to dismiss, a complaint must state sufficient facts or inferential allegations to support every material element necessary for recovery under the relevant legal theory. Papapetropoulous v. Milwaukee Transp. Svcs., 795 F.2d 591, 594 (7th Cir. 1986).

II. **Sima's Procedural Due Process Claim (Count III) Must Be Dismissed**

A two-step test applies to procedural due process claims: "The first step requires [the court] to determine whether the plaintiff has been deprived of a protected interest; the second requires a determination of what process is due." Townsend v. Vallas, 256 F.3d 661, 673 (7th Cir. 2001). For purposes of this motion, the District concedes that Sima satisfies the first step of this test.

However, Sima's claim fails under the second step because the District provided him with sufficient procedural due process. Sima alleges the pre-termination hearing failed to comply with the Constitution's procedural due clause because: (1) the District's administration presented hearsay to the Board; and (2) Sima was not provided an opportunity to cross-examine two witnesses who were not present at the hearing. In other words, Sima suggests that the Board, whose membership consists of lay people, should have provided Sima with a full evidentiary pre-termination hearing providing all the rigors and protections of the Federal Rules of Evidence.

3

The procedural due process clause, however, "does not mandate any hard and fast rules on the specifics of predisciplinary due process."  Sonnleitner v. York, 304 F.3d 704, 711 (7th Cir. 2002).  Indeed, "something *less* than a full evidentiary hearing" is expressly permitted prior to an adverse administrative action.  Id. quoting Cleveland Bd. of Ed. v. Loudermill, 470 U.S. 532, 538-39 (1985) (emphasis supplied).  More specifically, the Seventh Circuit has held that the "essentials" of procedural due process merely consists of "notice and an opportunity to respond." Raines v. Indianapolis Pub. Sch., 52 Fed. Appx. 828, 831-2 (7th Cir. 2002) (even though public school employee did not attend his own pre-termination hearing, Court holds pre-termination hearing complied with procedural due process clause because school district provided employee with notice and an opportunity to respond).

Here, the School District did just that—it provided Sima with notice of the pre-termination hearing and an opportunity to respond.  Indeed, the District's outline for Sima's pre-termination hearing establishes that Sima received *more* procedural due process than he was due under Seventh Circuit precedent:

- At the conclusion of the administration's case, the District provided Sima and his attorney an opportunity to cross-examine the District's witness (Exh. 1);[1]

- The District provided Sima and his attorney "an opportunity to present information they believe[d] is relevant to the pending allegations" (*Id.*); and

---

[1]   An outline of Sima's administrative hearing is attached hereto as Exhibit 1.  Because the Complaint refers to and relies on the Board's administrative hearing packet (*Comp*. ¶21), it is appropriate for the Court to consider it in ruling on Defendants' Rule 12(b)(6) motion without converting the motion into a motion for summary judgment.  See Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to plaintiff's claims).  Moreover, because Count II of Plaintiff's Complaint is a petition for writ of *certiorari*, it would be properly before the Court even if Sima had not requested that the Court "bring the record of the proceedings before this court for review."  (*Comp*. ¶38).

- At the conclusion of the hearing, the District provided Sima and his attorney an "opportunity to provide a brief closing statement." (*Id.*).

Accordingly, Sima's procedural due process claim must fail—Sima appeared at his pre-termination hearing with his attorney and responded to the administration's recommendation to terminate his employment. He is due no other procedure or process.

## CONCLUSION

For these reasons, the School District respectfully requests the Court to dismiss with prejudice Count III of Sima's Complaint, and to award it such other relief as the Court deems appropriate.

Respectfully submitted,

BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 214

By: s/Donald Y. Yu - 06287737
    One of Their Attorneys

Brian D. McCarthy – 06237641
bdm@franczek.com
Donald Y. Yu – 06287737
dyy@franczek.com
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL 60606
Telephone: (312) 986-0300
Facsimile: (312) 986-9192

Dated: February 5, 2008

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT** has been filed using the CM/ECF system and will send notification of same to the following counsel of record this 5th day of February, 2008:

Jerome F. Marconi, Esq.
555 West Jackson Blvd., Suite 700
Chicago, IL 60661

s/Donald Y. Yu - 06287737
Donald. Y. Yu