UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| David Sima, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 317 |
| ) | |
| v. ) | Judge William T. Hart |
| ) | |
| Board of Education of Township High ) | |
| School District 214, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Board of Education of Township High School District 214 (the "School District"), by its undersigned counsel, submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**Allegations Relating to "Parties"**

1. Plaintiff, DAVE SIMA ("Sima"), is a citizen of the United States and is a resident of Cook County, Illinois.

**ANSWER:** Upon information and belief, the School District admits the allegations contained in Paragraph No. 1.

2. Defendant, BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 214 ("District 214"), is a government and body politic organized under the laws of the State of Illinois.

**ANSWER:** The School District denies that it is "a government" but admits the remaining allegations contained in Paragraph No. 2.

3. At all relevant times, Sima was an employee of the District 214 who served in the capacity as a Technology Systems Supervisor.

**ANSWER:** The School District admits the allegations contained in Paragraph No. 3.

369997.2

**Allegations Relating to "Facts"**

4. On or about May 1, 2000 District 214 hired Sima as a Supervisor at John Hersey [sic] High School. District 214 entered into a written contract ("Contract") with Sima on May 1, 2001 to perform the duties of Supervisor. (Contract attached as Exhibit "A").

**ANSWER:** The School District admits the allegations contained in Paragraph No. 4.

5. The aforementioned Contract was renewed on an annual basis. Each year the [sic] District 214 notified Sima of its intention to employ him and provided him with the amount of his annual salary.

**ANSWER:** The School District admits the Contract was renewable annually. The School District denies the remaining allegations contained in Paragraph No. 5.

6. Sima's job performance was evaluated annually. District 214 always rated Sima's performance as above average.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 6.

7. The Contract under which Sima was employed contained a "Non-Renewal" clause. According to the Non-Renewal clause, either the Board or the Supervisor could terminate the Contract by giving notice to the other party by April 1 of the year the Contract terminates.

**ANSWER:** The School District admits the allegations contained in Paragraph No. 7.

8. The Contract also specified other scenarios in which the employment contract could be terminated. Pursuant to Section 3.C. of the Contract, the employee could be discharged for cause. The Contract affords the employee the right to notice and a pre-termination hearing. According to the Contract, the Notice of Discharge shall be in writing and set forth specific reasons for the discharge.

**ANSWER:** The School District denies Plaintiff's characterization of the Contract which speaks for itself.

9. The Contract also mandates that the District shall provide a written decision describing the results of the hearing. The District did not provide Sima a written decision describing the results of the hearing.

**ANSWER:** The School District admits that the Contract requires the District to provide a written decision describing the results of the hearing. The

2

School District denies the remaining allegations contained in Paragraph No. 9.

**Allegations Relating to "Order to undergo psychological/medical testing."**

10. On or about May 14, 2007, the Associate Superintendent for Human Resources, Randy Hawley, notified Sima that he received a complaint from the [sic] co-worker that Sima made physical contact with the co-worker. Hawley advised Sima that he would investigate the complaint.

    **ANSWER:** The School District admits the allegations contained in Paragraph No. 10.

11. Hawley spoke to witnesses who were present during the alleged physical contact. The witnesses informed Hawley that they did not witness Sima making any physical contact with the co-worker. In addition, Sima denied making any physical contact with the co-worker.

    **ANSWER:** The School District admits that Hawley spoke to witnesses, and that Sima denied making any physical contact with his co-worker. The School District denies the remaining allegations contained in Paragraph No. 11.

12. After the investigation, Hawley told Sima that the allegations against him were unfounded. Hawley further testified at Sima's termination hearing that the allegation against Sima was unfounded.

    **ANSWER:** The School District denies the allegations contained in Paragraph No. 12.

13. On or about May 18, 2007, after concluding that the complaint against Sima was unfounded, Hawley ordered Sima to submit to psychological testing which included undergoing a medical test commonly referred to as the MMPI-2.

    **ANSWER:** The School District admits that Mr. Hawley directed Sima to submit to psychological testing as a result of Sima's physical contact with a co-worker. The School District denies the remaining allegations contained in Paragraph No. 13.

14. After being ordered to undergo psychological testing, Sima asked Hawley if District 214 had a written policy governing medical and/or psychological testing. Hawley advised Sima that he was unaware of any District 214 policy but told Sima that he must submit to the psychological testing.

      **ANSWER:**    The School District denies Sima's implication that he was forced to submit to psychological testing. The School District admits the remaining allegations contained in Paragraph No. 14.

15.    On the following Monday, May 21, 2007, Sima appeared at the testing facility located in Wheaton, Illinois. Sima expressed his concerns about the invasion of his privacy and requested a couple hours to seek the advice of an attorney before submitting to the psychological/medical testing.

      **ANSWER:**    The School District admits that Sima appeared at the testing facility on May 21, 2007. The School District admits further that Sima would not allow himself to be tested. The School District denies any implication that Sima was forced to submit to psychological testing. The School District lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 15.

16.    Sima contacted Hawley the morning of May 21, 2007 to inform Hawley that he was going to seek the advice of an attorney before submitting to the psychological/medical testing. Sima again asked Hawley about the District's policy on psychological testing.

      **ANSWER:**    The School District admits the allegations contained in Paragraph No. 16, but denies any implication that Sima was forced to submit to psychological testing.

17.    Later in the day on May 21, 2007, Sima e-mailed Hawley informing Hawley that he spoke to an attorney who advised Sima that if the District had a policy on requiring employees to submit to medical and/or psychological testing, the District must follow that policy in sending Sima for medical testing. Sima expressed his concern to Hawley that Sima did not want to be insubordinate in refusing testing.

      **ANSWER:**    The School District admits the factual allegations contained in Paragraph No. 17. The School District denies Sima's implications relating to legality and illegality.

369997.2

18. Pursuant to Hawley's request, Sima submitted to psychological/medical testing on May 25, 2007.

**ANSWER:** Upon information and belief, the School District denies the allegations contained in Paragraph No. 18.

19. Shortly after Sima submitted to the psychological testing, which included the MMPI-2 and other psychological testing, District 214 obtained a report from the Compass Employee Assistance Program. The social history section in the report contained numerous factual errors. Further, the report stated, "The HPI indicates an individual who is very well-adjusted and motivated for success... The clinical scales of the MMPI indicate a similar personality pattern as the HPI, as well as a high level of adjustment." However, the report concluded that the test results were invalid due to various reasons such as "...fatigue, confusion, disordered thinking or one of several kinds of attempts to manipulate the outcome."

**ANSWER:** The School District admits that it received a report from Compass Employee Assistance Program pertaining to Sima's testing. The School District admits further that the report contains a statement that the "HPI indicates an individual who is very well-adjusted and motivated for success ... The clinical scales of the MMPI indicate a similar personality pattern as the HPI, as well as a high level of adjustment." The School District lacks knowledge or information sufficient to form a belief as to the truth of the allegations that "the social history section in the report contained numerous factual errors." The School District denies the remaining allegations contained in Paragraph No. 19.

### Allegations Relating to "Purported Hearing"

20. On June 28, 2007 the District held a meeting to conduct a hearing on the Administration's request to discharge Sima. The District provided Sima with notice of the meeting but did not provide Sima with a notice of discharge which set forth specific reasons, in writing, as required by the Contract.

**ANSWER:** The School District admits that it convened a hearing on the Administration's request to discharge Sima, and that it provided Sima

5

notice of the hearing. The School District denies the remaining allegations contained in Paragraph No. 20.

21. When Sima appeared for his hearing, District 214 presented Sima with a packet of materials entitled, "Dave Sima Dismissal Hearing - Administrative Recommendations." The materials did not contain specific charges but only contained a prior letter of reprimand and documents pertaining to an incident which occurred January 31, 2007; an e-mail complaint from a co-worker which had been investigated and found to be "unsubstantiated"; the report from Compass Employee Assistance Program; Board Policy 7.1.17; and a Resolution Authoring Termination and the Administrative Recommendation.

**ANSWER:** The School District admits that it presented Sima with a packet of materials entitled "Dave Sima Dismissal Hearing - Administrative Recommendations" prior to the commencement of the hearing. The School District admits further that the packet contained, among other things, a prior letter of reprimand and documents pertaining to an incident which occurred January 31, 2007; an e-mail complaint from a co-worker; the report from Compass Employee Assistance Program; Board Policy 7.1.17; and a Resolution Authorizing Termination and the Administrative Recommendation. The School District denies that the materials did not contain charges against Sima, and denies the remaining allegations contained in Paragraph No. 21.

22. District 214 presented its entire case through one witness, Mr. Randy Hawley. Mr. Hawley was not present for any of alleged misconduct and testified that the second allegation pertaining to a co-worker was unfounded. Although Mr. Hawley was neither [sic] a psychiatrist, psychologist or social worker, he was allowed to present his own personal opinion about the reliability of the MMPI-2 testing.

**ANSWER:** The School District admits that the Board heard evidence from one Administration representative, Mr. Hawley. The School District admits further that Mr. Hawley was not an eye-witness to every act of Sima's

6

alleged misconduct. The School District denies the remaining allegations contained in Paragraph No. 22.

23. The remainder of Mr. Hawley's testimony consisted solely of hearsay and the introduction of reports which he did not draft nor have first hand knowledge [sic].

**ANSWER:** The allegations of Paragraph No. 23 relating to "hearsay" state legal conclusions which require no answer. To the extent Sima purports to state facts in Paragraph No. 23, the School District denies them.

24. During the hearing, Sima and his counsel were allowed to address the Board. Sima informed the Board that a material witness, the principal of Hersey [sic] High School, was out of the country. Sima informed the Board that the principal would provide testimony which would impeach the Administration's prosecuting witness, Mr. Randy Hawley. Specifically, Sima made an offer of proof that the principal of Sima's school would testify that Randy Hawley told her that he would not have complied with the District's request to submit to psychological testing. Hawley denied making this statement during his testimony.

**ANSWER:** The School District admits that Sima and his counsel were allowed to, and in fact did, address the Board during Sima's hearing. The School District admits further that the Principal of Hersey High School was not present at the hearing, but denies that the Principal was a "material witness." The School District denies the remaining allegations contained in Paragraph No. 24.

25. Sima also advised the Board that he had just been given a packet of materials when he appeared at the hearing and still did not know the specific reasons the Administration was basing its request [sic] to discharge Sima.

**ANSWER:** The School District admits that Sima informed the Board that he received the packet of materials prior to the commencement of the hearing. Responding further, the School District admits that Sima informed the Board that he did not understand why the Administration recommended that Sima be discharged.

7

369997.2

26.     Sima did not understand the specific reasons why District 214 was seeking his discharge since he had already received a letter of reprimand for the first allegation contained in the packet, the second allegation was unfounded, he complied with the request to undergo psychological testing under threat of termination and the psychological testing was inconclusive.

**ANSWER:**   The School District admits Sima had received a letter of reprimand. Sima's allegation relating to the inconclusivity of psychological testing is an expert opinion which he is not qualified to give; however, to the extent Sima purports to allege ultimate facts in this allegation, they are denied. The School District denies the remaining allegations contained in Paragraph No. 26.

27.     After deliberating in closed session, the District voted to discharge Sima from District 214.  No specific reasons were given for Sima's discharge nor were there findings of fact ever issued to Sima.

**ANSWER:**   The School District admits that it voted to discharge Sima after deliberating in closed session.  The School District denies the remaining allegations contained in Paragraph No. 27.

**Plaintiff's First Claim for Relief – Alleged "Breach of Contract"**

28.     Plaintiff realleges paragraphs 1-27 of this Complaint as paragraphs 1-27 of Count I as though fully set forth herein.

**ANSWER:**   The School District incorporates its responses to the preceding ¶¶ 1-27 as its response to this Paragraph No. 28.

29.     District 214, through its established policy contained in the written Contract, conveyed a clear promise to Sima that he would be retained as a Supervisor unless the employment contract was terminated or District 214 discharged Sima for cause.

**ANSWER:**   The School District admits that Sima's employment could be terminated by operation of the contract, including, without limitation, for cause.  The School District lacks knowledge or information sufficient to form a belief as to the truth of Sima's allegation that he perceived the Contract to be a

"clear promise." The School District denies the remaining allegations of Paragraph No. 29 of the Complaint.

30. District 214 chose to terminate Sima's employment pursuant to sections 3.C.-Discharge for Cause. Accordingly, the District scheduled a meeting for Sima to appear before the Board in closed session to be afforded a hearing.

**ANSWER:** The School District admits the allegations contained in Paragraph No. 30.

31. The Contract prepared by District 214 defines "cause." Specifically, "Cause is a substantial shortcoming in the performance or conduct of the Supervisor or a material breach of this Agreement. Further, the notice of discharge for cause shall set forth specific reasons and shall be given in writing."

**ANSWER:** The School District denies that the final sentence cited by Sima provides any definition of "cause." The School District admits the remaining allegations contained in Paragraph No. 31.

32. The District never provided Sima with a "notice of discharge" as mandated by the Contract.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 32.

33. The District never provided Sima with a "written decision describing the results of the meeting" as mandated by the Contract.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 33.

34. Sima did not engage in conduct which could be considered "cause" as defined by the Contract. Further, Sima did not materially breach the terms of the Contract.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 34.

35. The District breached the terms of the Contract by failing to provide Sima with the safeguards contained in the Contract and terminated Sima's employment without having "cause" to do so.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 35.

36. As a result of the District 214's breach of the employment contract, Sima suffered damages which include loss of wages, loss of benefit days, and continues to suffer economic loss as a result of reduced retirement pension benefits.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 36.

**Plaintiff's Second Claim for Relief - Writ Of Certiorari**

37. Sima realleges paragraphs 1 -36 of this Complaint as paragraphs 1-36 of Count II as though fully set forth herein.

> **ANSWER:** The School District incorporates its responses to the preceding ¶¶ 1-36 as its response to this Paragraph No. 37.

38. Sima represents that the law provides for no appeal or review of District 214's decision to discharge Sima except by order of this court to allow a summons to be issued directing that District 214 to certify and bring the record of the proceedings before this court for review by Writ of Certiorari.

> **ANSWER:** The School District denies the allegations of Paragraph No. 38.

39. Sima requests this Honorable Court review the proceedings and findings of District 214 and reverse the District's decision to terminate the employment of Sima.

> **ANSWER:** Paragraph No. 39 contains no allegations of fact and therefore requires no answer.

**Plaintiff's Third Claim for Relief – Alleged Procedural Due Process Violation**

40. Sima realleges paragraphs 1-39 of this Complaint as paragraphs 1-39 of Count III as though fully set forth herein.

> **ANSWER:** The School District incorporates its responses to the preceding ¶¶ 1-39 as its answer to this Paragraph No. 40.

41. Sima had a property interest in his job as Supervisor with District 214.

> **ANSWER:** Paragraph No. 41 states a legal conclusion that does not require a response; however, the School District admits Sima was a public employee with an employment contract with the School District.

369997.2

42. District 214 did not provide Sima with any post-termination procedures to contest his termination of employment from District 214.

**ANSWER:** The School District admits the allegation contained in Paragraph No. 42, but denies any implication that Sima was entitled to any "post-termination procedures" to contest his termination.

43. District 214 only provided a pre-termination meeting to allow Sima to appear before the Board of Education.

**ANSWER:** The School District admits the allegations contained in Paragraph No. 43, but denies Sima's implication that his role in the pre-termination meeting was limited to "only… appear[ing]".

44. The meeting provided to Sima did not comport with the due process protections required under the Due Process Clause of the United States Constitution. Specifically, District 214's procedures were inadequate for the following reasons:

**ANSWER:** The School District denies the allegations of this preamble to Paragraph No. 44, and responds further, specifically, to the subparts of Sima's Paragraph No. 44 as follows:

a. District 214 did not provide Sima with notice of charges at a meaningful time to allow Sima to prepare a defense; and

**ANSWER:** The School District denies the allegations contained in Paragraph No. 44 subpart (a).

b. The charges presented to Sima during the course of the meeting failed to sufficiently apprise Sima of the specific allegations it was relying upon to discharge Sima; and

**ANSWER:** The School District denies the allegations contained in Paragraph No. 44 subpart (b).

11

  c. District 214 refused to allow Sima to present material and competent evidence to impeach the District's only witness by refusing to accept testimony from Sima's principal who was out of the country at the time of the hearing; and

> **ANSWER:** The School District admits that the Principal of Sima's school was out of the country at the time of Sima's hearing.  The School District denies the remaining allegations contained in Paragraph No. 44 subpart (c).

  d. Failed to provide Sima specific reasons why District 214 terminated his employment; and

> **ANSWER:** The School District denies the allegations contained in Paragraph No. 44 subpart (d).

  e. Failed to allow Sima to confront and cross-examine his accusers; and

> **ANSWER:** The School District denies the allegations contained in Paragraph No. 44 subpart (e).

  f. Presented the Board of Education with hearsay evidence which had already been adjudicated by the issuance of a letter of reprimand; and

> **ANSWER:** Sima's allegation relating to "hearsay evidence" states a legal conclusion to which no response is required.  The School District denies that Sima's prior discipline had "already been adjudicated" by the issuance of a letter of reprimand and denies the remaining allegations of Paragraph No. 44 subpart (f).

  g. Presented the results of medical testing to the Board of Education without allowing Sima to cross-examine the person who arrived at the medical and non-medical opinions; and

> **ANSWER:** The School District admits the allegations contained in Paragraph No. 44 subpart (g) but denies Sima's implication that he was entitled to "cross-examine" the person who conducted his psychological testing.

369997.2

     h.    Presented unreliable medical evidence for which there was no foundation and contained material mistakes identified by Sima during the meeting; and

     **ANSWER:**    Sima's allegation relating to "foundation" states a legal conclusion to which no response is required. The School District denies the allegations contained in Paragraph No. 44 subpart (h).

     i.    Presenting hearsay evidence to the Board of Education regarding allegations which had been unfounded after an investigation by the witness for District 214;

     **ANSWER:**    Sima's allegation relating to "hearsay evidence" states a legal conclusion to which no response is required. The School District denies the remaining allegations contained in Paragraph No. 44 subpart (i).

     45.    As a result of the aforementioned deprivations of Sima's due process rights, Sima has been unable to find employment as a result of District 214's actions.

     **ANSWER:**    The School District denies the allegations contained in Paragraph No. 45.

**Plaintiff's Fourth Claim for Relief – Alleged Substantive Due Process Violation**

     46.    Sima realleges paragraphs 1-45 of this Complaint as paragraphs 1-45 of Count IV as though fully set forth herein.

     **ANSWER:**    The School District incorporates its responses to the preceding ¶¶ 1-46 as its response to this Paragraph No. 46.

     47.    Sima has a liberty interest in not being defamed and prevented from obtaining other government employment.

     **ANSWER:**    The School District denies the allegations of Paragraph No. 47.

     48.    Sima's career has been in public education. Sima had worked for District 214 for approximately seven (7) years before being terminated.

     **ANSWER:**    The School District denies that Plaintiff worked for the School District for approximately seven years before being terminated. The School District lacks knowledge or information sufficient to form a belief as to the truth

13

of the remaining allegations contained in Paragraph No. 48 and, therefore, denies the same.

49. District 214 used an inconclusive medical test as a basis for Sima's discharge from employment. District 214 recklessly and maliciously presented a medical report to the Board of Education without conferring with the person(s) who administered the testing.

**ANSWER:** The School District denies Sima's implication that the entities "District 214" and the "Board of Education" are legally distinct. The School District denies the remaining allegations contained in Paragraph No. 49.

50. Further, District 214 presented hearsay evidence to the Board of Education which District 214 knew was unfounded and accused Sima of committing a battery.

**ANSWER:** The School District denies Sima's implication that the entities "District 214" and the "Board of Education" are legally distinct. Sima's allegation relating to "hearsay evidence" states a legal conclusion to which no response is required. The School District admits that the materials presented in Sima's hearing suggested that he had committed battery. The School District denies the remaining allegations contained in Paragraph No. 50.

51. The presentation of the false and misleading factual and medical evidence stigmatized Sima.

**ANSWER:** The School District denies the allegations contained in Paragraph No. 51.

52. The information contained in the medical report was published to the Board of Education and documents circulated to school staff.

**ANSWER:** The School District admits that information contained in the report of Sima's psychological testing was necessarily published to the Board. The School District denies the remaining allegations contained in Paragraph No. 52.

14

53.    Sima has been unable to secure other employment as a result of the false charges brought against him by District 214.

**ANSWER:**    The School District lacks knowledge or information sufficient to form a belief as to the truth of Sima's allegation that he is not working. The School District denies the remaining allegations contained in Paragraph No. 53.

\*        \*        \*

### AFFIRMATIVE DEFENSES

For its affirmative defenses to the Complaint, Defendant states as follows:

1.    Sima fails to state a claim upon which relief may be granted.

2.    Upon information and belief, Sima has failed to mitigate his damages and therefore, any relief is barred. In the alternative, to the extent Sima has mitigated his damages, any relief must be reduced by his earnings, compensation and benefits during the relevant time period.

**WHEREFORE**, Defendant the Board of Education of Township High School District 214 requests that the Complaint be dismissed in its entirety; that it be awarded its costs and fees incurred in defending this meritless matter; and that the Court award it such other and further relief as it deems appropriate.

Respectfully submitted,

BOARD OF EDUCATION OF TOWNSHIP HIGH SCHOOL DISTRICT 214

By: s/Donald Y. Yu - 06287737
     One of Their Attorneys

369997.2

Brian D. McCarthy – 06237641
bdm@franczek.com
Donald Y. Yu – 06287737
dyy@franczek.com
Franczek Sullivan P.C.
300 South Wacker Drive, Suite 3400
Chicago, IL  60606
Telephone: (312) 986-0300
Facsimile: (312) 986-9192

Dated: February 20, 2008

369997.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** has been filed using the CM/ECF system and will send notification of same to the following counsel of record this 20th day of February, 2008:

> Jerome F. Marconi, Esq.
> 555 West Jackson Blvd., Suite 700
> Chicago, IL  60661

> s/Donald Y. Yu - 06287737
> Donald. Y. Yu